**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4097**

———————

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

     v.

TIMOTHY LEE BANKS,

             Defendant – Appellant.

———————

Appeal from the United States District Court for the Western
District of Virginia, at Lynchburg.  Norman K. Moon, District
Judge.  (6:09-cr-00012-nkm-1)

———————

Submitted:  May 27, 2010              Decided:  June 16, 2010

———————

Before WILKINSON, MOTZ, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Larry W. Shelton, Federal Public Defender, Roanoke, Virginia,
for Appellant.  Timothy J. Heaphy, United States Attorney, R.
Andrew Bassford, Assistant United States Attorney, Roanoke,
Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Lee Banks pled guilty without a plea agreement to two counts of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and was sentenced to concurrent eighty-four-month prison terms. He now appeals his sentence, arguing that it is unreasonable. We affirm.

I

Banks' base offense level was 20. See U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2009). Three levels were subtracted for acceptance of responsibility. See USSG § 3E1.1. Banks' total offense level was 17, his criminal history category was VI, and his advisory Guidelines range was 51-63 months. There were no objections to the presentence report.

At sentencing, defense counsel argued that Banks' psychological and physical problems, as well as the fact that he was forty-nine and therefore statistically less likely to commit future crimes, justified a sentence at the low end of the Guidelines range. The United States replied that light sentences Banks had received for past offenses had done little to deter his criminal conduct.

In pronouncing sentence, the court stated that Banks posed a danger to the community. The court referred to Banks' criminal history, much of which was not included when computing

2

his twenty criminal history points. Many of Banks' past offenses were violent. The court agreed that a person of Banks' age ordinarily would no longer be violent; however, this was not the case with Banks, whom the court described as "a rather lawless and dangerous person." The court commented that Banks could receive needed treatment for his physical and emotional problems while in prison. Of paramount concern to the court in sentencing Banks was the danger of recidivism and the need to protect the community from further crimes. This, the court found, warranted "an upward departure of considerable months."

The court sentenced Banks to concurrent eighty-four-month prison terms. In imposing sentence, the court stated that it had considered the 18 U.S.C. § 3553(a) (2006) sentencing factors as well as the advisory Guidelines range.

II

We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Seay, 553 F.3d 732, 742 (4th Cir.), cert. denied, 130 S. Ct. 127 (2009). Our initial review is for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly

3

erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

We next "consider the substantive reasonableness of the sentence imposed." Id. At this stage, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. "If the district court decides to impose a sentence outside the Guidelines range, it must ensure that its justification supports 'the degree of the variance.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008) (quoting Gall, 552 U.S. at 51). We give "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51.

Our review of the record convinces us that Banks' variant sentence is procedurally and substantively reasonable. The district court properly calculated the advisory Guidelines range, considered the relevant § 3553(a) factors and the parties' arguments at sentencing, and sufficiently explained its reasons for imposing the variant sentence.

III

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>